907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Edward MESSER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Edward MESSER, Defendant-Appellant.
 Nos. 89-5512, 89-5513.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 23, 1990.
Decided June 18, 1990.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, District Judge. (CR Nos. 88-95-A, 88-113-A)
 Phillip Gregory Kelley, Ball, Kelley & Arrowood, Asheville, N.C., for appellant.
 Jerry Wayne Miller, Office of the United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART AND REMANDED FOR RESENTENCING.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jackie Edward Messer challenges judgments convicting and sentencing him for bank robbery and illegal possession of a firearm. Counsel for Messer filed a brief with this Court consistent with Anders v. California, 386 U.S. 738 (1967), representing that there are no meritorious issues in this appeal, save a sentencing error conceded by the government. Messer has filed a supplemental informal brief. We affirm as to Messer's convictions, but remand for resentencing.
 
 
 2
 * During February 1988, two Asheville, North Carolina, banks were robbed--the First Citizens Bank on February 11 and the First Union National Bank on February 24. On July 13, 1988, police arrested Messer in connection with the robberies and seized five firearms from his home. Indictments were returned charging Messer and others in the two bank robberies. 18 U.S.C. Secs. 2, 2113(a), 2113(b), & 2113(d). A separate indictment charged Messer with being a felon in possession of firearms which had been shipped in interstate commerce. 18 U.S.C. Secs. 922(g)(1) & 924.
 
 
 3
 The district court severed Messer's bank robbery trial from his codefendants'. While one jury deliberated the verdict in Messer's bank robbery trial, the court held a separate trial on the firearms charge. Both juries brought in their verdicts on January 11, 1989, convicting Messer in one bank robbery, acquitting him in the other, and convicting him of the firearms charge.
 
 
 4
 The court subsequently imposed a sentence of 286 months in prison and ordered Messer to pay $9,811 in restitution, $22,224 in fines, and a $200 assessment. The same sentence appears on the judgment entered in the bank robbery and the judgment in the firearms case. Each judgment notes that it is consolidated with the other case.
 
 
 5
 Messer's counsel urges and the government concedes that the sentence for the firearms conviction exceeds the statutory maximum.[1] In addition, the federal firearms law makes no provision for restitution. The government urges that these flaws are mere computational errors which this court may easily correct. See 28 U.S.C. Sec. 2106. However, the record before us does not make clear the basis on which Messer was sentenced. We therefore remand for resentencing.
 
 II
 
 6
 We consider seriatim the additional arguments presented by Messer's counsel. First, counsel notes that the trial court's grant of two continuances in the bank robbery trial at the request of the government violated the Speedy Trial Act, 18 U.S.C. Sec. 3161. Counsel acknowledges that the Act excludes delay resulting from the necessary removal of any defendant from another district under Sec. 3161(h)(1)(G), but maintains that this exception should not apply because the government intended to sever the removed codefendants from Messer's trial. However, the need for the severance arose after the court ordered the continuances: Messer made incriminating statements to cellmate Russell in January 1989, creating a problem under Bruton v. United States, 391 U.S. 123 (1968). Therefore, this claim is without merit.
 
 
 7
 Similarly, we find no merit in the following arguments presented by Messer's counsel: (1) the district court erred in refusing to strike the testimony of one witness and give a cautionary jury instruction in the bank robbery trial; (2) the evidence is insufficient to support Messer's bank robbery conviction; and (3) the evidence is insufficient to support Messer's firearms conviction.
 
 III
 
 8
 Supplementing his counsel's Anders brief, Messer filed a pro se informal brief[2] claiming (1) that the police conducted a warrantless search of his house and (2) that he had discovered new alibi and credibility evidence. Messer also alleged that his counsel was ineffective.
 
 
 9
 Claim (1) is without merit because the police obtained consent to search Messer's residence from a third party who possessed common authority over the premises. See United States v. Matlock, 415 U.S. 164, 171 (1974). "New evidence" contentions, such as those in claim (2), are properly brought in a Fed.R.Crim.P. 33 motion. Furthermore, a challenge to a conviction based on off-the-record evidence is properly raised in a 28 U.S.C. Sec. 2255 petition. See Blackledge v. Allison, 431 U.S. 63 (1977). Finally, Messer's ineffective assistance claim is premature. United States v. Lurz, 666 F.2d 69 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 IV
 
 10
 After reviewing counsel's Anders brief and Messer's pro se informal brief, we examined the entire record and all pertinent documents. Because the parties adequately presented the facts and legal contentions to this Court, we dispense with oral argument, affirm the convictions, and remand for resentencing.
 
 
 11
 Where appointed counsel represents an unsuccessful appellant, this Court requires the appointed attorney to inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit, implementing the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If so requested by his client, counsel should prepare a timely petition for such a writ and take steps necessary to protect the rights of his client.
 
 
 12
 AFFIRMED IN PART AND REMANDED FOR RESENTENCING.
 
 
 
 [1]
 It is not clear from the record whether 18 U.S.C. Sec. 924(a) or Sec. 924(b) should control the maximum sentence. At the time of Messer's crime, subsection (a) established a maximum sentence of five years imprisonment and a $5,000 fine; the subsection (b) maximum was ten years and a $10,000 fine
 The parties appear to rely on the current version of Sec. 924, which increased the maximum sentence for some offenses. However, Sec. 924 was amended after the date of Messer's offense. See Pub.L. 100-690 Sec. 6462 (Nov. 18, 1988).
 
 
 [2]
 We grant Messer's motion to file a supplemental brief